Thomas G. DEAN, Plaintiff–Appellant,

v.

**LAW FIRM OF MORRIS, SCHNEIDER & PRIOR,** Defendant–Appellee,

and

**Homecomings Financial Network and Mortgage Electronic Registration Systems, Inc., Defendants–Appellees,**

and

**Sheriff of Douglas County and Homecomings Financial, LLC, Defendants–Appellees.**

No. 2008–1143.

United States Court of Appeals, Federal Circuit.

April 7, 2008.

Thomas G. Dean, pro se.

Before MAYER, LINN, and DYK, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

Thomas G. Dean responds to the court's order directing him to respond why his

appeal should not be transferred to the United States Court of Appeals for the Eleventh Circuit and moves to file an appeal or petition for writ of mandamus in the "United States Court of Appeals for the Proper Circuit" or, in the alternative, to certify the question of jurisdiction of this appeal to the United States Supreme Court.

Dean filed an action in the United States District Court for the Northern District of Georgia. *Dean v. Law Firm of Morris, Schneider, and Prior,* No. 1:07–CV–1706. The complaint included claims pursuant to the Fair Debt Collection Act (FDCA) and state law. On November 8, 2007, a magistrate judge denied Dean's motion to disqualify all magistrate judges from participating in his case. On November 20, 2007, Dean filed a notice of appeal seeking review of the November 8 order in the Eleventh Circuit. Dean later moved to dismiss that appeal and filed a "Notice of Interlocutory Appeal" seeking review of the November 8 order in this court. On January 11, 2008, the Eleventh Circuit dismissed Dean's appeal as premature.

Because Dean's case appeared to involve FDCA and state law claims not within this court's jurisdiction, we directed Dean to show cause why the appeal should not be transferred to the Eleventh Circuit. In response, Dean states that he believes that jurisdiction is proper in this court pursuant to 28 U.S.C. § 1346, which concerns cases in which the United States is the defendant. Dean states "It seems feasible to Appellant that the injunctive relief sought . . . was a claim for less than 10,000 and not sounding in tort, but in equity against The United States per any Federal Judge, and is [appealable] to the Court of Appeals for the Federal Circuit, because this injunctive application does not appear to merge into the original non-federal case but is a claim against the United States."

Essentially, it appears that Dean's argument is that because his motion in the district court sought to disqualify federal magistrates, that motion was against the United States and thus falls within this court's jurisdiction.

This court's jurisdiction over appeals of district court decisions is limited primarily to cases involving patents and suits against the United States not exceeding $10,000. *See* 28 U.S.C. § 1295(a)(1), (2). Pursuant to 28 U.S.C. § 1295(a)(2), this court has jurisdiction over an appeal of a final judgment "if the jurisdiction of [the district court] was based, in whole or in part, on section 1346." Thus, whether an appeal falls within this court's jurisdiction is governed by the basis of the district court's jurisdiction. *See* 28 U.S.C. § 1295(a)(2); *see also Holmes Group, Inc. v. Vornado Air Circulation Sys.,* 535 U.S. 826, 829, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) ("the Federal Circuit's jurisdiction is fixed with reference to that of the district court").

In this case, the defendant in the district court is not the United States. Thus, the district court's jurisdiction is not based on 28 U.S.C. § 1346. Because the district court's jurisdiction is not based on section 1346 and Dean suggests no other basis for this court to assert jurisdiction over his appeal, this court lacks jurisdiction.

The court may transfer pursuant to 28 U.S.C. § 1631 if an action is filed in the wrong court "if it is in the interest of justice." We determine that transfer is not in the interest of justice because the Eleventh Circuit has already determined that the appeal is premature. Thus, we dismiss the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) All pending motions and petitions are moot.

(3) All sides shall bear their own costs.